FT. WORTH & DENVER CITY RAILWAY COMPANY v. W. N. ARTHUR.

Decided December 8, 1909.

**1.—Evidence—Conclusion of Witness.**

Testimony of a witness who, being asked whether a fire originated on the right of way of the railway and how she knew, answered that it did; that she did not see it start, but saw it burn from the railway onto the adjoining land, was an answer to the question asked, and was not objectionable as giving only the conclusion of the witness as to where the fire started.

**2.—Value—Opinion.**

A witness who testified that he knew what the barn destroyed by fire was worth may testify as to its value, this opinion not being mere hearsay, though he also testified that he had made inquiries about its value.

**3.—Same.**

A witness who, having built a shed, the value of which was in question, testified to the time required, the dimensions and the material, could give his opinion based thereon as to the value.

**4.—Same.**

One qualified as an expert to give an opinion as to the value of lumber and building material may, where the amount and character of same has been proven by another witness, give his opinion as to its value on that basis.

**5.—Same.**

An expert on farm implements could testify as to the effect of heat in making worthless a disc plow which had gone through a fire.

**6.—Fire—Negligence—Proximate Cause.**

Fire communicated from a railway locomotive was extinguished by the section hands, who however did not entirely put out a pile of ties which had caught fire. Some hours later a whirlwind, common at that season, carried sparks from the burning ties into the hay loft of a barn which was consumed. Held, that the act of leaving the ties still burning sustained a finding of negligence proximately causing the destruction of the barn, that result being one which might have been anticipated.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*Spoonts, Thompson & Barwise* and *Allen & Jones,* for appellant.—Damages by the burning of the barn resulted from an intervening cause, and are too remote from the origin of said fire to hold the defendant responsible therefor. Brandon v. Gulf C. C. C. P. Mfg. Co., 51 Texas, 122; Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 277; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223; Missouri, K. & T. Ry. v. Dobbins, 40 S. W., 865; Galveston, H. & S. A. Ry. v. Ware, 67 Texas, 635; Missouri, K. & T. Ry. v. Chittim, 24 Texas Civ. App., 599; Milwaukee & St. P. Ry. v. Kellogg, 94 U. S., 469.

*P. M. Stine* and *H. A. Allen,* for appellee.—The destruction of the barn was a proximate result of defendant's negligence. Poeppers v. Missouri, K. & T. Ry. Co., 67 Mo., 726; Missouri Pac. v. Platzer, 73 Texas, 124; Louisville, N. A. & C. Ry. Co. v. Nitsche, 126 Ind., 229 (26 N. E., 51).

RICE, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant for the recovery of damages for the destruction of his property occasioned by fire, claimed to have been set out and communicated thereto by the negligence of the appellant. It is alleged that the appellant negligently permitted grass and other inflammable material to collect upon its right of way, and that it negligently operated engines upon its road that were defectively constructed and without proper appliances to prevent the escape of fire therefrom; that by reason thereof fire escaped from its engines and was communicated to the grass upon its right of way, from whence it spread on to plaintiff's land, burning his grass, destroying the turf, setting fire to and consuming a barn with its contents, as well as a cow-shed and other personal property. It was further alleged that after the discovery of the fire appellant negligently failed to extinguish the same.

Appellant replied by general demurrer and general denial and a plea of contributory negligence on the part of appellee in failing to exercise ordinary care to put out the fire.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee, from which this appeal is prosecuted.

The first and second assignments will be considered together, since the same questions are, in effect, raised by each. Mrs. M. R. Cole, a witness, testified by deposition, and appellant moved to suppress her answers to the third cross-interrogatory, and also objected to her answers thereto. Said motion to suppress, as well as the objection to her testimony, was based upon the contention that said witness had failed to answer some of the questions propounded in said interrogatory, and that it appeared from her answer thereto that she was only giving her conclusions or opinion as to where the fire originated. The interrogatory to which reference is made is as follows: "Do you know of your own knowledge where the fire was first set out? Do you know whether it was set out on the right of way and burned off of the right of way, or whether it was set off of the right of way and burned on to the right of way? If you say you know, state how you know. Did you see the fire when it was first set out, and did you see who set it out?" To which the witness answered: "The fire was set out on the right

of way. I did not see the fire when it first started, but saw it when it burned off the right of way on to the prairie. The fire was set on the right of way and burned off the right of way. The fire did not come from off the right of way, but come from the right of way off onto the prairie." We think it is clear that both the motion and the objection to the testimony were properly overruled. The witness was testifying to what she in fact saw, and her answers were substantially in response to the questions asked, for which reason both assignments are overruled.

By the fourth and fifth assignments appellant insists that the court erred in permitting the plaintiff to testify as to the value of the barn and the cow-shed, because as to the former it is contended that the witness based his opinion upon hearsay, and as to the latter he based his statement upon the amount of labor it took to build the shed, whereas the witness stated that he did not know how much labor it took to build the same. With reference to the first contention, as presented by the fourth assignment, we do not think it maintainable, because the witness also testified that he knew what the barn was worth, and was a competent witness as to its value, notwithstanding the fact that he further testified that he had made inquiries as to prices, and so on, because it does not clearly appear that his opinion was based solely upon said inquiries. Again, if it be granted that this answer should have been excluded on the ground urged, we do not think any material harm resulted therefrom, because there was other evidence as to the value of the barn coinciding with that of plaintiff, which was not objectionable, and upon which the jury could have based their verdict.

With reference to the last objection as raised by the fifth assignment, we think it sufficient to say that it appears from the testimony that this witness did give the amount of time required to build the cow-shed, and that, in addition thereto, he gave the character of· material used and the dimensions of the shed, and upon which it seems he based his opinion as to its value. We therefore overrule both of these assignments.

Nor did the court err in permitting the witness Peters to testify, over the defendant's objection, as to the value of the material in the barn that was burned, as presented in appellant's sixth assignment, because it is shown from the record that this witness was an expert as to values of lumber and building material. And the testimony further disclosed that, while he had not seen the barn, a detailed statement of its dimensions, and the character and kind of lumber contained therein, was given to him by the plaintiff, who also swore to the correctness of the statement furnished the witness upon which he based his opinion. It was therefore, in our judgment, competent for said witness to express his opinion as to the value thereof.

We overrule the seventh assignment, because we think it was competent for the witness, who was an expert, to show that the disc plow which was in the burned building and had gone through the fire was of no value thereafter.

Appellant complains of the action of the court in overruling its motion for a new trial in this, that the fire which consumed the barn and

its contents appears not to have been the proximate cause of the damage, but that the same was due to an intervening agency. It is shown that the fire originated about nine o'clock in the morning and the barn was not burned until about six o'clock in the afternoon. Near the barn there was a pile of cross-ties. The fire had burned from the railway right of way across appellee's pasture during the early part of the day, and had been communicated to this pile of ties. The appellant's section boss, with a crew of hands, together with other persons, during the day put out the fire at other places, as well as the barn, where it had caught twice, and had also partially extinguished the fire which had caught in said pile of ties, but that the wind had been blowing and continued to blow from the direction of where the ties were toward the barn; that the ties were smoking at the time the section hands left the place; and it was further shown that it was dangerous to so leave them. It was also shown that whirl-winds were of common occurrence in that section during the summer, and that a number had been blowing during that day. It appears that about an hour after the section hands had left the fire in this condition that one of the whirl-winds mentioned sprang up and blew fire from this pile of ties into the hay-loft of the barn, thereby setting fire to the barn and causing its destruction, together with its contents. It is alleged in plaintiff's petition, as one of the acts of negligence upon which he relies for recovery, that it was the duty of the defendant, its agents, servants and employes, when they discovered said fire, to use due diligence to extinguish the same and thereby prevent the destruction of plaintiff's property; that by the use of due care they could have put out said fire, and so have wholly saved plaintiff's property from injury, but that they failed so to do, and negligently and wrongfully permitted the same to continue to spread and burn, until the same had destroyed plaintiff's property, etc.

Plaintiff and his tenants were not at home during the day of this fire.

We think the evidence sufficiently shows that the fire escaped from appellant's engines, setting fire to the inflammable material negligently permitted by it to accumulate upon its right of way, whereby it was communicated to the grass upon plaintiff's land, which subsequently burned the barn and its contents. The fire was therefore the proximate cause of the injury. The intervening cause in this instance—to wit, the whirl-wind—might, under the evidence, have reasonably been anticipated by appellant, and it was its duty so to do, where the prevalence of such whirl-winds was common and known to the company. (Seale v. Gulf, C. & S. F. Ry. Co., 65 Texas, 277.) In that case it was held that "if, subsequent to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote." But it is also held, as shown by the syllabus, that, "Where, however, the intervening cause and its probable or reasonable consequences are such as could reasonably have been anticipated by the original wrongdoer, the casual connection between the original wrongful act and the subsequent injury is not broken and an action may lie therefor."

Besides this, we think it appears that the defendant was clearly

guilty of negligence in leaving the pile of ties burning, from which the damage is shown to have resulted. It was the duty of defendant's servants who went to the rescue of plaintiff's property to have used ordinary care to see that the fire was put out before they left, and a failure so to do would constitute negligence. But instead of this, it is shown that the ties were left by them smoldering and smoking, from which danger could reasonably have been anticipated. We think this was such a failure of duty on the part of appellant as would justify the recovery against it, and that the verdict is amply supported by the evidence. (See Missouri Pac. Ry. Co. v. Platzer, 73 Texas, 117, 11 S. W., 163; also see Poeppers v. Missouri, K. & T. Ry., 67 Mo., 726; Louisville, N. A. & C. Ry. Co. v. Nitsche, 126 Ind., 229, 26 N. E., 51.)

Finding no error in the judgment of the court below, the same is in all things affirmed.

*Affirmed.*

Writ of error refused.