Lucas v. Union Pacific Railroad Co.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-128-CV

TERRY DON LUCAS AND       APPELLANTS

CAROL BEATRICE LUCAS 

V.

UNION PACIFIC RAILROAD APPELLEE

COMPANY 

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Terry Don and Carol Beatrice Lucas appeal from the trial court’s summary judgment for Union Pacific Railroad Company (UP) on the Lucases’ negligence claims.  In six issues, the Lucases complain that UP’s motions for summary judgment were actually impermissible general demurrers, that UP did not establish its entitlement to either a traditional or a no-evidence summary judgment, and that the summary judgment violates their constitutional right to a jury trial.  We will affirm.

In July 2002, a UP train derailed near Aubrey, Texas.  The Lucases own land east of and adjacent to the railroad right-of-way.  The Lucases were not home when the derailment occurred and did not witness the incident. 

After the derailment, independent contractors
(footnote: 2) hired by UP conducted a cleanup effort.  The independent contractors provided all of their own personnel and heavy equipment.  At no time was heavy equipment owned or operated by UP used in connection with the derailment cleanup. 

The Lucases contend that their property was damaged extensively by the derailment cleanup process.  They sued UP for negligence and gross negligence, alleging that UP’s conduct during the cleanup efforts caused this damage. UP moved for a no-evidence summary judgment, contending that there was no evidence that UP had breached a duty owed to the Lucases or proximately caused their damages.  UP also moved for a traditional summary judgment on the ground that the evidence conclusively demonstrated that UP equipment and personnel did not cause any of the damages of which the Lucases complained.  The trial court granted summary judgment for UP without stating the reasons therefor, and this appeal followed. 

In their first point, the Lucases contend that summary judgment for UP was improper because UP’s summary judgment motions were general demurrers, which are prohibited by the Texas Rules of Civil Procedure. 

A demurrer is an assertion by the defendant that admits the allegations in the plaintiff’s pleading are true but contends that they are insufficient for the plaintiff to proceed with his case or to oblige the defendant to answer.  
See
 
Black’s Law Dictionary
 389 (5th ed. 1994) (defining “demurrer”).  A demurrer on the ground that the complaint sets forth no cause of action is a general demurrer.  
Id.
 at 390 (defining “general demurrer”).  Our rules of civil procedure prohibit general demurrers; therefore, a defendant generally cannot obtain summary judgment on the ground that the plaintiff’s pleading fails to state a cause of action when the pleading deficiency can be attacked through special exceptions.  
See
 
Tex. R. Civ. P.
 90; 
In re B.I.V.,
 870 S.W.2d 12, 13 (Tex. 1994); 
Tex. Dep’t of Corrections v. Herring,
 513 S.W.2d 6, 10 (Tex. 1974). UP’s summary judgment motions did not contend that summary judgment was proper because the Lucases failed to state a cause of action.  Instead, the motions asserted that a no-evidence summary judgment was proper because there was no evidence of breach of duty or proximate cause and that a traditional summary judgment was proper because UP had conclusively negated the proximate cause element of the Lucases’ claim.  Accordingly, we hold that UP’s summary judgment motions were not impermissible general demurrers.  We overrule the Lucases’ first point.

In their fourth and fifth points, the Lucases contend that the no-evidence summary judgment for UP was improper. 

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(I).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(I) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002). When a party moves for both a traditional and a no-evidence summary judgment, we first review the trial court's summary judgment under the no-evidence standards of rule 166a(i).  
Ford Motor Co. v. Ridgway,
 135 S.W.3d 598, 600 (Tex. 2004).   If the Lucases, as nonmovants, failed to produce more than a scintilla of evidence raising a genuine fact issue on the challenged elements of their negligence claims, then there is no need to analyze whether UP’s summary judgment proof satisfied the traditional, rule 166a(c) summary judgment burden of proof.  
Id.

In this case, the Lucases did not put on any evidence that UP’s negligence proximately caused their damages.  They testified at their depositions that they did not know whether the equipment that damaged their dam, driveway, trees, and other property was operated by UP employees or by those of UP’s independent contractors.  Further, Terry Don Lucas conceded that he had learned at “arbitration”
(footnote: 3) that “it was possibly contractors on the property, not Union Pacific” who had damaged his property.  The Lucases also attached to their summary judgment response a contract between UP and one of its independent contractors, Smith & Chambers, which provided that Smith & Chambers would furnish “all supervision, labor, tools, equipment . . . and all other things requisite and necessary to perform the [cleanup] work.”
(footnote: 4) 

Terry Don testified at his deposition that a Mr. Suchand from UP had assured him by telephone, in response to his complaint that UP had “done a lot of damage,” “Well, whatever we’ve torn up we’ll take care of.”  This conversation is not, however, evidence that UP actually “tore anything up,” but only evidence that it promised to compensate the Lucases if it had.

The Lucases contend that UP should be liable for their damages because a railway company cannot relieve itself from liability for injuries 
to its employees
 by hiring independent contractors and UP should have foreseen that its independent contractors could damage the Lucases’ property.  
See Mo. Pac. Ry. Co. v. McElye,
 71Tex. 386, 9 S.W. 313, 315 (1888); 
Fort Worth & D.C. Ry. Co. v. Arthur,
 58 Tex. Civ. App. 163, 124 S.W. 213, 215 (1909, writ ref’d).  The Lucases cite no authority applying this principle to nonemployees; instead, they simply argue, in a single sentence, that “[t]he same should hold true for neighbors.”  Therefore, this argument is waived.  
See
 
Tex. R. App. P.
 33.1(a) (providing that arguments not raised at trial are unpreserved for appeal); 38.1(h) (providing that appellate arguments must be supported by appropriate 

legal authorities).
(footnote: 5)  Moreover, the Lucases do not point to any evidence that it was foreseeable that UP’s independent contractors would damage their property.

Finally, the Lucases assert that UP should be presumed negligent because, in an action against a common carrier for injuries caused by a derailment, the presumption of the carrier’s negligence arises from the derailment itself.  
See Gulf, C. & S.F. Ry. Co. v. Duman,
 27 S.W.2d 116, 117-18 (Tex. Comm’n App. 1930, judgm’t adopted)
; Chicago, M & St. P. Ry. Co.,
 234 F. 562, 565-66 (9th Cir. 1916).
 
 Here, however, the Lucases alleged that their injuries were caused by the cleanup, not the derailment.  Therefore, the authorities on which they rely do not support their claims.

For all the foregoing reasons, we hold that the no-evidence summary judgment for UP was proper.  
See S.W. Elec. Power Co.,
 73 S.W.3d at 215.  Accordingly, we overrule the Lucases’ fourth and fifth points
(footnote: 6) and affirm the trial court’s judgment.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: March 17, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The independent contractors were Hulcher Services, Inc. and Smith & Chambers, L.L.P. 

3:
UP states that the parties actually attended mediation, which Terry Don mistakenly believed was arbitration.

4:
Terry Don’s unsubstantiated, conclusory statements in his affidavit that UP and its “agents” performed the cleanup under UP’s instruction are insufficient to raise a fact issue.  
See In re Am. Home Prods. Corp.,
 985 S.W.2d 68, 74 (Tex. 1998); 
Ryland Group, Inc. v. Hood,
 924 S.W.2d 120, 122 (Tex. 1996).

5:
Also waived is the Lucases’ unbriefed sixth point—that the summary judgment “on unspecified legal or factual grounds” violates the Lucases’ constitutional right to a jury trial on their claims.  The Lucases cite no legal authority for this argument and do not direct us to any place in the record showing that it was raised in the trial court.  
See
 
Tex. R. App. P.
 33.1(a); 
see also City of San Antonio v. Schautteet,
 706 S.W.2d 103, 104 (Tex. 1986) (“Even constitutional challenges not expressly presented to the trial court by written motion, answer or other response to a motion for summary judgment will not be considered on appeal as grounds for reversal.”).

6:
In light of our disposition of the Lucases’ first and fourth through sixth points, we need not consider their remaining arguments.  
See
 
Tex. R. App. P.
 47.1.