COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-128-CV
  
  
TERRY DON LUCAS AND                                                     APPELLANTS
CAROL BEATRICE LUCAS
  
V.
  
UNION PACIFIC RAILROAD                                                        APPELLEE
COMPANY
  
  
------------
 
FROM THE 362ND DISTRICT COURT 
OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Terry 
Don and Carol Beatrice Lucas appeal from the trial court’s summary judgment 
for Union Pacific Railroad Company (UP) on the Lucases’ negligence 
claims.  In six issues, the Lucases complain that UP’s motions for 
summary judgment were actually impermissible general demurrers, that UP did not 
establish its entitlement to either a traditional or a no-evidence summary 
judgment, and that the summary judgment violates their constitutional right to a 
jury trial.  We will affirm.
        In 
July 2002, a UP train derailed near Aubrey, Texas.  The Lucases own land 
east of and adjacent to the railroad right-of-way.  The Lucases were not 
home when the derailment occurred and did not witness the incident.
        After 
the derailment, independent contractors[2] hired by UP 
conducted a cleanup effort.  The independent contractors provided all of 
their own personnel and heavy equipment.  At no time was heavy equipment 
owned or operated by UP used in connection with the derailment cleanup.
        The 
Lucases contend that their property was damaged extensively by the derailment 
cleanup process.  They sued UP for negligence and gross negligence, 
alleging that UP’s conduct during the cleanup efforts caused this damage.
        UP 
moved for a no-evidence summary judgment, contending that there was no evidence 
that UP had breached a duty owed to the Lucases or proximately caused their 
damages.  UP also moved for a traditional summary judgment on the ground 
that the evidence conclusively demonstrated that UP equipment and personnel did 
not cause any of the damages of which the Lucases complained.  The trial 
court granted summary judgment for UP without stating the reasons therefor, and 
this appeal followed.
        In 
their first point, the Lucases contend that summary judgment for UP was improper 
because UP’s summary judgment motions were general demurrers, which are 
prohibited by the Texas Rules of Civil Procedure.
        A 
demurrer is an assertion by the defendant that admits the allegations in the 
plaintiff’s pleading are true but contends that they are insufficient for the 
plaintiff to proceed with his case or to oblige the defendant to answer.  See 
Black’s Law Dictionary 389 (5th 
ed. 1994) (defining “demurrer”).  A demurrer on the ground that the 
complaint sets forth no cause of action is a general demurrer.  Id. 
at 390 (defining “general demurrer”).  Our rules of civil procedure 
prohibit general demurrers; therefore, a defendant generally cannot obtain 
summary judgment on the ground that the plaintiff’s pleading fails to state a 
cause of action when the pleading deficiency can be attacked through special 
exceptions.  See Tex. R. Civ. 
P. 90; In re B.I.V., 870 S.W.2d 12, 13 (Tex. 1994); Tex. 
Dep’t of Corrections v. Herring, 513 S.W.2d 6, 10 (Tex. 1974).
        UP’s 
summary judgment motions did not contend that summary judgment was proper 
because the Lucases failed to state a cause of action.  Instead, the 
motions asserted that a no-evidence summary judgment was proper because there 
was no evidence of breach of duty or proximate cause and that a traditional 
summary judgment was proper because UP had conclusively negated the proximate 
cause element of the Lucases’ claim.  Accordingly, we hold that UP’s 
summary judgment motions were not impermissible general demurrers.  We 
overrule the Lucases’ first point.
        In 
their fourth and fifth points, the Lucases contend that the no-evidence summary 
judgment for UP was improper.
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense. Tex. R. Civ. P. 166a(I).  The 
motion must specifically state the elements for which there is no 
evidence.  Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 
193, 207 (Tex. 2002).  The trial court must grant the motion unless the 
nonmovant produces summary judgment evidence that raises a genuine issue of 
material fact.  See Tex. R. 
Civ. P. 166a(I) & cmt.; S.W. Elec. Power Co. v. Grant, 73 
S.W.3d 211, 215 (Tex. 2002).
        When 
a party moves for both a traditional and a no-evidence summary judgment, we 
first review the trial court's summary judgment under the no-evidence standards 
of rule 166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 
(Tex. 2004).  If the Lucases, as nonmovants, failed to produce more than a 
scintilla of evidence raising a genuine fact issue on the challenged elements of 
their negligence claims, then there is no need to analyze whether UP’s summary 
judgment proof satisfied the traditional, rule 166a(c) summary judgment burden 
of proof.  Id.
        In 
this case, the Lucases did not put on any evidence that UP’s negligence 
proximately caused their damages.  They testified at their depositions that 
they did not know whether the equipment that damaged their dam, driveway, trees, 
and other property was operated by UP employees or by those of UP’s 
independent contractors.  Further, Terry Don Lucas conceded that he had 
learned at “arbitration”[3] that “it was 
possibly contractors on the property, not Union Pacific” who had damaged his 
property.  The Lucases also attached to their summary judgment response a 
contract between UP and one of its independent contractors, Smith & 
Chambers, which provided that Smith & Chambers would furnish “all 
supervision, labor, tools, equipment . . . and all other things requisite and 
necessary to perform the [cleanup] work.”[4]
        Terry 
Don testified at his deposition that a Mr. Suchand from UP had assured him by 
telephone, in response to his complaint that UP had “done a lot of damage,” 
“Well, whatever we’ve torn up we’ll take care of.”  This 
conversation is not, however, evidence that UP actually “tore anything up,” 
but only evidence that it promised to compensate the Lucases if it had.
        The 
Lucases contend that UP should be liable for their damages because a railway 
company cannot relieve itself from liability for injuries to its employees 
by hiring independent contractors and UP should have foreseen that its 
independent contractors could damage the Lucases’ property.  See Mo. 
Pac. Ry. Co. v. McElye, 71Tex. 386, 9 S.W. 313, 315 (1888); Fort Worth 
& D.C. Ry. Co. v. Arthur, 58 Tex. Civ. App. 163, 124 S.W. 213, 215 
(1909, writ ref’d).  The Lucases cite no authority applying this 
principle to nonemployees; instead, they simply argue, in a single sentence, 
that “[t]he same should hold true for neighbors.”  Therefore, this 
argument is waived.  See Tex. 
R. App. P. 33.1(a) (providing that arguments not raised at trial are 
unpreserved for appeal); 38.1(h) (providing that appellate arguments must be 
supported by appropriate legal authorities).[5]  
Moreover, the Lucases do not point to any evidence that it was foreseeable that 
UP’s independent contractors would damage their property.
        Finally, 
the Lucases assert that UP should be presumed negligent because, in an action 
against a common carrier for injuries caused by a derailment, the presumption of 
the carrier’s negligence arises from the derailment itself.  See Gulf, 
C. & S.F. Ry. Co. v. Duman, 27 S.W.2d 116, 117-18 (Tex. Comm’n App. 
1930, judgm’t adopted); Chicago, M & St. P. Ry. Co., 234 F. 562, 
565-66 (9th Cir. 1916).  Here, however, the Lucases alleged that their 
injuries were caused by the cleanup, not the derailment.  Therefore, the 
authorities on which they rely do not support their claims.
        For 
all the foregoing reasons, we hold that the no-evidence summary judgment for UP 
was proper.  See S.W. Elec. Power Co., 73 S.W.3d at 215.  
Accordingly, we overrule the Lucases’ fourth and fifth points[6] 
and affirm the trial court’s judgment.
   
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and MCCOY, JJ.
 
DELIVERED: March 17, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The independent contractors were Hulcher Services, Inc. and Smith & 
Chambers, L.L.P.
3.  
UP states that the parties actually attended mediation, which Terry Don 
mistakenly believed was arbitration.
4.  
Terry Don’s unsubstantiated, conclusory statements in his affidavit that UP 
and its “agents” performed the cleanup under UP’s instruction are 
insufficient to raise a fact issue.  See In re Am. Home Prods. Corp., 
985 S.W.2d 68, 74 (Tex. 1998); Ryland Group, Inc. v. Hood, 924 S.W.2d 
120, 122 (Tex. 1996).
5.  
Also waived is the Lucases’ unbriefed sixth point—that the summary judgment 
“on unspecified legal or factual grounds” violates the Lucases’ 
constitutional right to a jury trial on their claims.  The Lucases cite no 
legal authority for this argument and do not direct us to any place in the 
record showing that it was raised in the trial court.  See Tex. R. App. P. 33.1(a); see also 
City of San Antonio v. Schautteet, 706 S.W.2d 103, 104 (Tex. 1986) (“Even 
constitutional challenges not expressly presented to the trial court by written 
motion, answer or other response to a motion for summary judgment will not be 
considered on appeal as grounds for reversal.”).
6.  
In light of our disposition of the Lucases’ first and fourth through sixth 
points, we need not consider their remaining arguments.  See Tex. R. App. P. 47.1.